Kottmyer, J.
This is an action for the breach of implied covenant of good faith and fair dealing (Count I), negligence (Count II), and deceit and misrepresentation (Count III) brought by Sturbridge Isle Realty Corporation (“SIR”) against Wayne Brown (“Brown”). SIR alleges that Brown misrepresented his credentials in materials submitted to SIR and that it relied on the accuracy of the representations by retaining him as an expert witness in pending litigation. This matter is before the court on SIR’S motion for partial summary judgment on Count III. After hearing and review, for the reasons discussed below, SIR’S motion for partial summary judgment shall be ALLOWED.
SUMMARY JUDGMENT RECORD
In 1993 SIR became involved in a series of lawsuits with Joan Bassett and other members of the Bassett family and Sturbridge Isle Restaurant Corp. (“the Bassett litigation”). The Bassett litigation concerned a piece of property commonly known as the Sturbridge Isle truck stop on Interstate 84 in Sturbridge, Massachusetts. SIR leased part of the property to the Bassetts to operate a restaurant thereon. SIR brought a summary process action against the Bassetts and the Bassetts counter-sued for fraudulent misrepresentation, breach of contract and conversion.
In 1996, Alan Cohan, a property manager for SIR, contacted Brown and told him that SIR was involved in litigation and was seeking an expert witness to assist in the case. Brown, by letter dated January 25, 1996, sent SIR a general overview of his practice and a “Backgrounder.” The “Backgrounder” described Brown’s experience in the restaurant, lodging and food industry. In addition, the “Backgrounder” stated that Mr. Brown “has taught at Boston University, Syracuse University, and Johnson and Wales University and is a graduate of Boston University with both undergraduate and graduate education in management, finance and communications.”
SIR hired Wayne Brown as an expert witness in connection with economic issues raised in the lawsuit, including the Bassetts’ claims for lost profits. In deciding to hire Brown and to use him as a witness, SIR relied upon the accuracy of Brown’s representations as to his educational and professional accomplishments because SIR knew that any misstatements of fact would adversely affect Brown’s credibility as a witness.
It is undisputed that Brown never held a faculty or adjunct teaching position at Boston University, Syracuse University or Johnson and Wales University. Brown lectured at Boston University once or twice on public relations topics in the 1970s. He was a seminar leader for two two-hour seminars held at Syracuse University which were sponsored by the U.S. Chamber of Commerce on behalf of the Institute of Organizational Management in the 1970s.
During the course of the Bassett litigation, Brown also provided a copy of his resume to SIR’S attorney. The education section of his resume stated that Brown attended Graduate School at Boston University. Specifically, his resume reads “General Management/Finance/Marketing/Law Graduate School, Boston University/Market Research, Broadcasting and Film Graduate School, Boston University.” The education section also stated that Brown attended the Institute for Organizational Management, Syracuse University. The latter program consists of 1-2 week seminars during the summer held at Syracuse University which are sponsored by the U.S. Chamber of Commerce on behalf of the Institute of Organizational Management.
In response to plaintiff s Interrogatory No. 3 signed under the pains and penalties of perjury on July 25, 2000, Brown stated that he “was awarded a Masters of Business Administration Degree from Boston University in August of 1973, from the College of Business Administration.” In a deposition taken in this action on July 27, 2000, Brown testified under oath that he took graduate level courses and received an MBA from Boston University in 1973.
While Brown did receive his undergraduate degree in Public Relations with a 2.27 GPA from Boston University in August of 1970, there is no record that he ever attended Boston University in a graduate capacity although Boston University conducted a thorough search for such records. At deposition, Brown did not recall the name of his advisor, the name of a single professor who taught him in a graduate capacity, the name of a single graduate course he took, the name of a single classmate from his graduating class (before being prompted with a list of students), or whether he received financial aid. He has been unable to produce a diploma or any other documentation (financial records, grades etc.) to show that he attended graduate school at Boston University. Brown argues that Boston University Associate Registrar David Micus (“Micus”) is not disclosing the records proving such attendance because Micus initially made a mistake when answering a subpoena and now is trying to “cover! ] his tracks, — rather than divulge he made a mistake when he responded that Brown did not attend Boston University in a graduate capacity.”[1]
One week before testifying at the Bassett trial, Brown was deposed by the Bassetts. He was asked *608 whether he had an MBA degree. Brown testified, under oath, that he had obtained an MBA from Boston University.
Brown testified on the next-to-last day in the Bassett five-week trial. At trial, he once again stated that he had obtained an MBA from Boston University. On the last day of trial the Bassetts’ attorney called Micus who testified that he had conducted a search and found no record that Brown had earned an MBA degree from Boston University. The jury returned a verdict against SIR in the amount of $278,057.40.
SIR would not have hired and continued to use Brown as an expert witness in the Bassett litigation had it known that Brown had misrepresented his academic and professional credentials in the Backgrounder, on his resume and at his deposition. SIR' paid Brown $33,771.51 for his services as an expert witness before learning that Boston University had no record that he attended graduate school or received an MBA.
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the motion].” Pederson v. Time Inc., 404 Mass. 14, 17 (1989); Madsen v. Erwin, 395 Mass. 715, 719 (1985).
SIR contends that it is entitled to recover the fees it paid to Brown for expert services on the grounds of deceit. This Court agrees.
In an action for intentional misrepresentation or deceit, a plaintiff must prove "that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon such representation as true and acted upon it to his damage.” Barrett Assoc., Inc. v. Aronson, 346 Mass. 464, 465 (1950). In other words, the elements are (1) a false statement of a material fact made with knowledge of its falsity; (2) to induce the plaintiff to act; (3) on which plaintiff relied; and (4) to his detriment. Zimmerman v. Kent, 31 Mass.App.Ct. 72 (1991). “Fragmentary information may be as misleading . . . as active misrepresentation, and half-truths may be as actionable as whole lies.” Kannavos v. Annino, 356 Mass. 42, 48 (1969).
Brown contends that he is not liable for the torts of misrepresentation or deceit because there are genuine issues of material fact as to whether he made false representations in the “Backgrounder.” To support his contention that he was truthful, he submits an affidavit which states: “At no time during the correspondence between SIR and myself, prior to my acceptance of-SIR’s offer to retain my services as an expert witness, did I provide false written or oral statements about my credentials.” It is well established that self-serving statements that are conclusory or merely general denials are not adequate to defeat a motion for summary judgment. Madsen, 395 Mass. at 721. Rather, Mass.R.Civ.P. 56(e), and cases applying this rule, require that a response to a motion for summary judgment set forth specific facts establishing the existence of a genuine issue of material fact. Defendant’s conclusory denial that he made false statements is not sufficient to defeat summary judgment in the face of the evidence adduced by the plaintiff. Brown’s speculative allegation in his memorandum that Micus lied about the existence of records showing that Brown attended Boston University in a graduate capacity in order to cover up a mistake he made is also not sufficient to defeat summary judgment. There is no evidence in the record that such a cover-up occurred.
The sole evidence in the record that Brown took graduate courses at Boston University and received an MBA degree therefrom are his sworn statements in responses to Interrogatories and at his deposition that he took such classes and was awarded that degree. These materials were made part of the summary judgment record by plaintiff. Brown has filed an affidavit in opposition to the summary judgment motion. As stated above, in the affidavit, Brown denies in conclusory fashion that he made false statements and adduces specific facts about his teaching experience. However, he does not state in his affidavit that he received an MBA from or took graduate courses at Boston University. Moreover, in his memorandum in opposition to the motion for summary judgment, Brown does not rely on the interrogatory responses and deposition testimony submitted by plaintiff as evidence that he did take graduate courses and receive an MBA from Boston University. Brown, lastly, did not file a response to SIR’s Statement of Material Facts, including Nos. 17 and 18 asserting respectively that Brown never attended Boston University in a graduate capacity and never obtained any type of graduate degree from Boston University. See Superior Court Rule 9A(b)(5).
Brown argues that the statement “[he] is a graduate of Boston University with both undergraduate and graduate education in management, finance and communications,” the only statement made before he was retained, does not unambiguously state that he received a graduate degree. Even if that argument had validity, Brown’s focus is too narrow. It is self-evident SIR’s reliance on the accuracy of Brown’s statements *609 regarding his educational background did not end when it retained him. SIR relied on the accuracy of statements in Brown’s resume and Brown’s deposition testimony that he had an MBA degree from Boston University when it continued the employment and used Brown as a witness at trial in the Bassett litigation.
Furthermore, Brown asserts that there are questions of material fact as to whether he has taught at Boston University, Syracuse University and Johnson and Wales University because he led seminars at these facilities. A half-truth is tantamount to a lie. It is undisputed that Brown never held teaching positions at these universities.
The Court is mindful that it may not consider the credibility of a witness or the weight of the evidence in ruling on a motion for summary judgment. Riley v. Presnell, 409 Mass. 239, 244 (1991). In this case, the Court is treating Brown’s failure to rely on his deposition testimony and answer to Interrogatory No. 3 and his failure to affirm that he took graduate courses at Boston University and was awarded an MBA in the affidavit filed in opposition to this motion as a disavowal of the evidence in the record (his deposition testimony and response to Interrogatory 3) which would create a material question of fact. In any event, by failing to controvert paragraphs numbered 17 and 18 of SIR’S statement of Material Facts, Brown admitted that he did not attend Boston University in a graduate capacity and did not obtain a graduate degree therefrom. Facts contained in the moving party’s statement “shall be deemed to have been admitted” unless controverted as set forth in Rule 9A(b)(5) of the Superior Court.
The summary judgment record therefore establishes that Brown made false representations as to his credentials on the “Backgrounder” and his resume and at the deposition taken in the Bassett litigation and that SIR, to its detriment, relied on the accuracy of the representations by hiring him, using him as an expert witness and paying him $33,771.51. Accordingly, SIR’S partial motion for summary judgment shall be ALLOWED.
ORDER
For the foregoing reasons, plaintiffs motion for summary judgment on Count III in the amount of $33,771.51 is ALLOWED.

 SIR also argues and has offered evidence as follows:
1) On his resume, Brown claims that he is an accredited member of the American Chamber of Commerce (“ACCE”). There is no record of this membership. According to the president of the ACCE, Brown has neither been certified by ACCE nor is he a member of the group. Brown also indicates that he is a member of the American Management Association (“AMA”). There is no record that Brown is or ever was a member of the AMA.
2) Brown, on his resume, claims that he was nominated for Emmy Awards in 1980 and 1982 for certain commercials that he had worked on. Yet, he could not identify the commercials he worked on and has not produced any documentation of his nomination. Moreover, according to the Emmy Award archives, there is no record that Brown was ever nominated for an Emmy Award.
Evidence submitted in support of these contentions (letters, e-mail and web searches) does not satisfy the requirements of Rule 56(e) and I have not considered it in ruling on this motion for summary judgment.